IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ADAM RAMIREZ | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | C.A. NO. C-05-396 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Jim Ferguson Unit in Midway, Texas. Proceeding pro se, petitioner filed a writ of habeas corpus on August 10, 2005 pursuant to 28 U.S.C. § 2254. (D.E. 1). On that same day, petitioner also filed a motion to proceed in forma pauperis. (D.E. 3). Pending is petitioner's motion for appointment of counsel. (D.E. 9).

There is no constitutional right to counsel in federal habeas proceedings. Coleman v. Thompson, 501 U.S. 722, 755 (1991) (petitioner did not have "constitutional right to counsel of appeal from state habeas trial court judgment"); Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (citing Coleman); Johnson v. Hargett, 978 F.2d 855, 859 & n.14 (5th Cir. 1992) (same). In Pennsylvania v. Finley, 481 U.S. 551 (1987), the Supreme Court explained that there is no right to the

appointment of counsel for a petitioner seeking habeas corpus review:

> Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori*, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

Id. at 555.

Here, petitioner indicates that "[h]e has requested leave to proceed in forma pauperis which was granted." (D.E. 9, at 1). Of course, it does not invariably follow from the fact that petitioner has been granted leave to proceed in forma pauperis that he is entitled to appointed counsel. Moreover, he asserts that the cases he relies on in the brief in support of his petition, (D.E. 2), are old and difficult to obtain from the library. First, nothing prevents petitioner from seeking them now. More important, petitioner has already filed his brief so presumably he has read them prior to filing his brief.

Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Petitioner's request for counsel is premature. At this stage of his case, there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned <u>sua sponte</u> if there are issues which mandate an evidentiary hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; <u>Thomas v. Scott</u>, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel, (D.E. 9), is DENIED without prejudice.

ORDERED this 3rd day of October 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE