IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ADAM RAMIREZ | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | C.A. NO. C-05-396 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

## ORDER DENYING PETITIONER'S REQUEST FOR RECORDS

In a letter, petitioner requests the Court to provide him with a copy of the records that have been submitted to this Court by respondent. (D.E. 21).

Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts states "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Moreover, Rule 6(b) requires the party requesting discovery to provide the Court with the reasons for the request. A petitioner, in order to show good cause, must point to specific evidence that would support a constitutional claim.

Petitioner has merely asserted that he is in need of the requested records to help him to prepare a response to respondent's motion, and enable him to effectively argue his claims before this Court. The records that petitioner requests are either state habeas applications that he has filed or previous federal habeas petitions that he has filed. He has not addressed why he is not in possession of the state records and his prior federal habeas petitions, or why he is not able to draft a response to respondent's motion based on his personal knowledge of those various proceedings.

Respondent has moved this Court to dismiss petitioner's habeas application for lack of jurisdiction as a successive petition. (D.E. 20). Petitioner has not adequately persuaded this

Court of his need for the requested records. The Fifth Circuit has held that "[a] state is not required to furnish complete transcripts so that defendants and their counsel may conduct 'fishing expeditions' to seek out possible errors at trial." Moore v. Wainwright, 633 F.2d 406, 409 (5th Cir. 1980) (citations omitted); see also Woods v. Butler, 847 F.2d 1163, 1168 (5th Cir. 1988) (where transcript is unnecessary to address challenge by respondent, there is no violation of due process). Therefore, petitioner's motion for records, (D.E. 21) is DENIED.

ORDERED this 14th day of December 2005.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE