IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOE ADAM RAMIREZ, § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | C.A. NO. C-05-396 |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutional Division, § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION TO DISMISS

In this habeas corpus action, petitioner challenges one of three 1992 convictions and sentences for aggravated robbery. (D.E. 2, at vi). Respondent moves the Court to dismiss his petition for lack of jurisdiction as a successive petition. (D.E. 20).

For the reasons stated herein, it is respectfully recommended that the Court grant respondent's motion to dismiss petitioner's writ of habeas corpus.

### I. BACKGROUND

The Director has lawful custody of petitioner pursuant to judgments and sentences of the 117th Judicial District of Nueces County, Texas, in cause numbers 92-CR-1021, 92-CR-1066-B, and 92-CR-1067-B. <u>Ex parte Ramirez</u>, App. Nos. 27,392-04 at 79-81, 27,392-05 at 95-97, 27,392-01 at 9-11. On August 3, 1992,

petitioner pleaded guilty to three counts of aggravated robbery.  Id.  He was sentenced to thirty years confinement in the Texas Department of Criminal Justice Correctional Institutions Division for each offense, which the trial judge ordered to run concurrently.  Id.  He did not file a direct appeal for any of his convictions, but he did file several state habeas petitions challenging his convictions.  (D.E. 2, at v-vi & D.E. 20, at 2-3).

Additionally, he has previously challenged these convictions and sentences in federal court.  On June 22, 1995, he filed his first federal habeas petition with this Court.  (D.E. 20, Ex. A, at 1).  In that habeas action, he challenged his conviction in cause number 92-CR-1067-B.  Id.  The Court dismissed his petition on November 13, 1995.  Ramirez v. Scott, No. C-95-313, slip op. at 5 (S.D. Tex. 1995) (copy of opinion at (D.E. 20, Ex. A, at 11)).

On December 30, 1997, petitioner filed his second federal habeas petition challenging his convictions for the three counts of aggravated robbery, along with four other criminal convictions.  (D.E. 20, Ex. B, at 1, 7).  He claimed that he received ineffective assistance of counsel, and that he had not been properly admonished by the trial court concerning his possible deportation as a consequence of his guilty plea.  Id. at 8.  This Court dismissed his petition without prejudice because he had not obtained permission from the Fifth Circuit to present a successive petition.  Ramirez v. Johnson, No. C-97-673, slip op. at 1 (S.D. Tex.

1998) (copy of opinion at (D.E. 20, Ex. B)).

On November 5, 2004, petitioner filed yet another federal habeas petition with this Court. (D.E. 20, Ex. C, at 2). He challenged his conviction for aggravated robbery in cause number 92-CR-1021-B. Id. He claimed that his guilty plea was invalid, and that he received ineffective assistance of counsel. Id. at 7. His petition was dismissed as a successive petition because petitioner had not obtained authorization from the Fifth Circuit. Ramirez v. Dretke, No. H-04-4286, slip op. at 15 (S.D. Tex. 2004) (copy of opinion at (D.E. 20, Ex. C)).

On August 4, 2005, petitioner filed this habeas petition. (D.E. 1). He is challenging his conviction for aggravated robbery in cause number 92-CR-1066-B. (D.E. 2, at vi). He challenges this conviction on two grounds: (1) he was incompetent when he entered his guilty plea; and (2) he received ineffective assistance of counsel during the plea bargain process. (D.E. 1, at 5).

Respondent moves to dismiss this petition for lack of jurisdiction as a successive petition because petitioner did not seek permission from the Fifth Circuit to file a successive petition. (D.E. 20). Respondent cites petitioner's three prior federal habeas petitions as a bar to the Court hearing his current petition. Id. at 5. Respondent argues that petitioner's contention that his current writ challenges only one of his convictions, which has not been challenged in his previous habeas actions, is erroneous. Id. Respondent points out that in petitioner's federal habeas

3

petition filed in 1997, petitioner challenged all three of his aggravated robbery convictions.  Id.  Additionally, respondent argues that petitioner's contention is immaterial because "[a] petition is successive when it raises a claim that was or *could have been* raised in an earlier petition."  Id. at 6 (italics in original) (citing Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003)).

Petitioner argues that the Court has proper jurisdiction to hear his petition because his first and second federal habeas petitions were dismissed without prejudice, and therefore, they cannot be used to disqualify his current petition. (D.E. 24, at 4) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam) (holding "a prisoner's application is not second or successive simply because it follows an earlier federal petition")).

## II.  DISCUSSION

Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996).  Pursuant to AEDPA, federal habeas corpus review on a second or successive application is extremely limited.  A claim for habeas relief that was not submitted in the prior application must be dismissed unless the petitioner can show the claim relies on a new constitutional rule that the Supreme Court has held applies retroactively, or the facts

for the claim could not have been previously discovered with due diligence, and if these facts were proven to be true, that in light of the record as a whole, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty." 28 U.S.C. § 2244(b)(2).

However, pursuant to 28 U.S.C. § 2244(b)(3)(A):

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A three-judge panel of the appropriate court of appeals may authorize the second or successive appeal upon the finding that the petitioner has made a prima facie showing that the application meets the requirements of § 2244. 28 U.S.C. § 2244(b)(3). The statute does not set forth a definition of the term "second or successive application." The Fifth Circuit, however, has held that "a later petition is successive when it: 1) <u>raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition</u>; or 2) otherwise constitutes an abuse of writ." <u>In re Cain</u>, 137 F.3d at 235 (citations omitted) (emphasis added).

Petitioner is correct that a habeas petition is not considered second or successive merely because it follows an earlier petition, but where a habeas petition

5

raises a claim that could have been raised in an earlier petition, it is considered a second or successive petition.  Petitioner is challenging his conviction for aggravated robbery in cause number 92-CR-1066-B.  (D.E. 2, at vi).  He argues that his guilty plea is invalid, and that he received ineffective assistance of counsel.  He has previously challenged this same conviction in a federal habeas petition.  See Ramirez v. Johnson, No. C-97-673, slip op. at 1 (S.D. Tex. 1998) (petitioner challenged his convictions for three counts of aggravated robbery, including his conviction in cause number 92-CR-1066-B) (copy of opinion at (D.E. 20, Ex. B)).  Moreover, he could have challenged this conviction in his first habeas petition.  See Ramirez v. Scott, No. C-95-313, slip op. (S.D. Tex. 1995) (copy of opinion at (D.E. 20, Ex. A)).

It is respectfully recommended that the Court find that petitioner could have raised his current claims in his previous habeas petition, and therefore, his current petition is construed as a second or successive petition.  It is further respectfully recommended that if the Court finds that this petition is a subsequent habeas application then it cannot be properly considered by the Court because petitioner has not obtained permission from the Fifth Circuit to file a successive petition.  See 28 U.S.C. § 2244(b)(3)(A).

### III.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to dismiss this petition for lack of jurisdiction be granted because petitioner has not obtained permission from the Fifth Circuit to file a successive habeas petition.  It is further respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

Respectfully submitted this 23rd day of December 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).